IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MATTHEW MARK HESLEP, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-249 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

On November 28, 2012, petitioner filed with this Court a petition for a writ of habeas corpus challenging prison disciplinary proceeding 20120303308, which occurred July 10, 2012. The disciplinary proceeding took place at the Neal Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remained incarcerated in the Neal Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Petitioner does not meet either one of these requirements. In paragraph eighteen of his habeas corpus petition, petitioner concedes he did not lose any previously earned good-time credit as a result of the disciplinary proceeding. Petitioner avers, however, he nevertheless suffered a

deprivation of his liberty rights due to (i) a restriction on his recreation privileges and (ii) an adverse impact on his custody level, i.e. the speed with which he accumulates good-time credits, both of which were imposed subsequent to the finding of guilt in the disciplinary proceeding. If petitioner's liberty rights were infringed, a habeas corpus petition would be the proper means by which to seek vindication of such violations. However, neither of these punishments are considered to implicate a prisoner's liberty rights. Specifically, the loss of recreation and commissary privileges are not challengeable in federal habeas corpus because those punishments do not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 474, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997). Regarding custodial status, the Fifth Circuit has explicitly held, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [petitioner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Consequently, neither the recreation restriction nor custodial status punishments imposed on petitioner Heslep constitute grounds upon which any federal habeas corpus relief could be based.

In addition to having lost good-time credits, petitioner must also be eligible for release on mandatory supervision in order to challenge a disciplinary proceeding in this Court. *See id.* Petitioner indicated in line sixteen of his habeas corpus petition he is not eligible for mandatory supervised release. Petitioner did not indicate on his habeas corpus petition the offense for which he is incarcerated. The Offender Information Detail maintained by the Texas Department of Criminal Justice, however, indicates petitioner is incarcerated on one conviction for indecency with a child, which, as petitioner correctly indicates, renders him ineligible for mandatory supervised

release. *See* Tex. Gov't Code Ann. § 508.149(a)(5). Because petitioner is not mandatory supervised release eligible, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MATTHEW MARK HESLEP be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of November, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).